PARIENTE, J.,
concurring.
I concur with the majority’s decision that, in this direct appeal proceeding of his convictions and death sentences, Robards is not entitled to relief. I write to address several points.
First, in light of the close seven-to-fíve jury recommendation in this ease, the issue of why defense counsel deferred presenting mental health mitigation until the Spencer hearing will most likely require exploration in subsequent postconviction proceedings. While the record before this Court raises questions about this issue, I agree with the majority that further factual development is necessary in order for this claim to be fairly and properly adjudicated.
Second, as to Robards’ claim regarding the constitutionality of the “bare majority” jury vote, although Florida remains alone among death penalty states in permitting a simple majority of the jury to recommend death, this case is unlike other cases where I have expressed my concern over the constitutionality of a seven-to-five jury recommendation for the death penalty. See, e.g., Peterson v. State, 94 So.3d 514, 538-40 (Fla.) (Pariente, J., concurring in part and dissenting in part), cert. denied, — U.S. -, 133 S.Ct. 793, 184 L.Ed.2d 586 (2012); Butler v. State, 842 So.2d 817, 835-40 (Fla.2003) (Pariente, J., concurring in part and dissenting in part). Specifically, unlike those cases, where none of the ag-gravators found by the trial court involved findings determined by a jury, Robards’ convictions for the contemporaneous murder and robbery in this case satisfy the unanimity requirement that I believe is necessary for the imposition of the death penalty under Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See Baker v. State, 71 So.3d 802, 824 (Fla.2011) (explaining that Ring is not implicated when one of the aggravating circumstances is that the crime was committed in the course of a felony), cert. denied, — U.S. -, 132 S.Ct. 1639, 182 L.Ed.2d 238 (2012); Silvia v. State, 60 So.3d 959, 978 (Fla.2011) (stating that Ring did not apply because of a contemporaneous conviction for attempted murder); Frances v. State, 970 So.2d 806, 822-23 (Fla.2007) (reviewing the Court’s precedent regarding the presence of the prior violent felony aggravator in denying Ring claims).
Third, as to the closing arguments in this case, while I concur that there was no reversible error based on a careful review of “the entire closing argument with specific attention to the objected-to arguments and the unobjected-to arguments,” Card v. State, 803 So.2d 613, 622 (Fla.2001), I emphasize the majority’s view that the last of the cited comments, although unobjected to, was certainly “ill-advised.” Majority op. at 1271. As stated in my specially concurring opinion in Wade v. State, 41 So.3d 857, 881 (Fla.2010) (Pariente, J., specially concurring), “[wjhile no reversible error occurred in this case, I once again urge prosecutors to remember to exercise caution in closing argument and to not cross the line from zealous advocacy to impermissible emotional and inflammatory arguments.” Not only are comments such as calling Robards “the world’s dumbest individual” and implying that the State did not “even show” the jury all the evidence police had gathered ill-advised because they potentially undermine the fairness of the trial, but the comments are also ill-advised because prosecutors unnecessarily risk having a death sentence reversed on that basis, which does not further the interests of justice.
Finally, I join in Justice Labarga’s thoughtful observations in his concurring opinion and echo his view that although Robards has not demonstrated how he was *1275 prejudiced by the State’s amended notice of aggravating circumstances, it is essential that trial judges maintain every appearance of impartiality throughout the course of judicial proceedings.